FILED
2020 Dec-11  PM 01:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARLTON PAUL PINKERTON,** *et. al.,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | Civil Action Number |
| **vs.** | ) | **2:20-cv-01838-AKK** |
| | ) | |
| **JAIME MIGUEL (JIM) BARDIA,** *et. al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Jaime Miguel (Jim) Bardia removed this action to this court based on this court's diversity jurisdiction after the court remanded this action based on deficiencies in his first notice of removal. Doc. 1; *see also* Case No. 2:20-cv-01752-AKK, Docs. 1, 4, and 5. This action is currently before the court on the plaintiffs' motion to remand, doc. 8, and the parties' responses to the court's order to show cause why this case should not be remanded, docs. 4; 6; 7; 11. For the reasons explained below, and especially because the court cannot reconsider its prior remand order, the motion to remand is due to be granted.

## I.

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins.*

*Co. of Am.*, 511 U.S. 375, 377 (1994).  Relevant here, section 1332 grants the court original jurisdiction over any civil action in which no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).   A defendant may remove a case from state court to a federal district court if the court would have had original jurisdiction.  28 U.S.C. § 1441(a).  The defendant seeking removal bears the burden of establishing that jurisdictional requirements are met.  *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207, 1211 (11th Cir. 2007).  And, "federal courts are directed to construe removal statutes strictly . . . .  [A]ll doubts about jurisdiction should be resolved in favor of remand to state court."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## II.

As noted above, Mr. Bardia previously removed this action based on this court's diversity jurisdiction.  Case No. 2:20-cv-01752-AKK, Doc. 1.  The court remanded this action because Mr. Bardia failed to allege sufficient facts to show the citizenship of plaintiff JRT Wind, LLC and defendant Prudencia, LLC.  *See* Case No. 2:20-cv-01752-AKK, Doc. 4 at 2-4.   Accordingly, because it could not determine if complete diversity existed, the court found it did not have diversity jurisdiction over this action and remanded the case in light of the Eleventh Circuit's directive that "all doubts about jurisdiction should be resolved in favor of remand to

state court." *Id.* at 3-4 (quoting *Univ. of S. Ala.*, 168 F.3d at 411). Two days later, Mr. Bardia removed this action again based again on the court's diversity jurisdiction by filing a revised notice of removal. Doc. 1. The plaintiffs contend that the court must remand this action because Mr. Bardia's revised notice of removal is improper. Doc. 8 at 3-6. For the reasons explained below, the court agrees.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). This provision "bars not only appellate review of a remand order, but also reconsideration of the order by the remanding district court." *Burr & Forman v. Blair*, 470 F.3d 1019, 1034 (11th Cir. 2006) (citing *Harris v. Blue Cross/Blue Shield of Alabama, Inc.*, 951 F.2d 325, 330 (11th Cir. 1992)). As the Middle and Southern Districts of Alabama have recognized, "[a]s a general rule, 'the defendant may not circumvent section 1447(d)'s prohibition on reconsideration by filing a second notice of removal which simply supplies evidentiary support for the argument that the previous remand order was incorrect.'" *Roughton v. Warner-Lambert Co.*, 2001 WL 910408, at *1 (M.D. Ala. Aug. 2, 2001) (quoting *Collins v. Fingerhut Co.*, 117 F. Supp. 2d 1283, 1284-85 (S.D. Ala. 2000)).

Here, Mr. Bardia admits that his revised notice of removal "is based on the same grounds as initially pled [in his first notice of removal] with additional proof

of diversity." Doc. 12 at 2. In other words, he admits that the current notice of removal "simply supplies evidentiary support for the argument that the [court's] previous remand order was incorrect," *Collins*, 117 F. Supp. 2d at 1284-85 (emphasis and quotation omitted), and that this court does, in fact, have diversity jurisdiction over this action. Thus, Mr. Bardia is essentially asking the court to reconsider its order remanding this action. But, such reconsideration is barred by 28 U.S.C. § 1447(d). *Burr & Forman*, 470 F.3d at 1034 (citing *Harris*, 951 F.2d at 330).

Nevertheless, Mr. Bardia contends that his second notice of removal is proper because "'the notice may be amended [] to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice . . . .'" Doc. 12 at 2 (quoting *Gill v. Wells Fargo Bank, N.A.*, 2016 WL 3211431, at *2 (S.D. Ala. June 9, 2016) (quoting in turn 14A Charles A. Wright, Arthur Miller & Edward H. Cooper, Federal Practice and Procedure § 3733 at 358-61 (3d ed. 1998)). Crucially, however, the issue confronting Judge DuBose in *Gill* was whether a defendant may amend a notice of removal after the thirty-day limit for removal prescribed by § 1446—not whether a defendant may file a second or amended notice of removal after a court has already remanded the action. *See* 2016 WL 3211431, at *1-2. Consequently, *Gill* provides no support for Mr. Bardia's contention that his second notice of removal, which he filed after the court remanded this action based

4

on his first notice of removal, is proper.  And, Mr. Bardia presents no other argument or support for his contention that the court can consider his amended notice of removal, which is based on the same grounds as the first removal.  As a result, Mr. Bardia has not shown that the court can properly consider his amended notice of removal.

## III.

In conclusion, because "it is clear that the court lacks subject matter jurisdiction to revisit its original remand order whether the opportunity to do so is cast in the form of a motion to reconsider or in the form of second notice of removal," *Collins*, 117 F. Supp. 2d at 1285, this action is due to be remanded.[1]  The court will issue a separate order.

**DONE** the 11th day of December, 2020.

ABDUL K. KALLON
UNITED STATES DISTRICT JUDGE

---

[1] Because the court does not have jurisdiction to reconsider its order remanding this action, the court does not address the parties' contentions regarding whether and when the plaintiffs properly served Mr. Bardia with the summons and complaint, and does not have to explain why the evidence Mr. Bardia submitted with his revised notice of removal or in response to the court's order to show cause is insufficient to meet his burden of proof regarding the citizenship of Prudencia, LLC.